McCONNON & COMPANY, APPELLEE, V. ARTHUR BELLAMY: ISAAC N. DEMPCY ET AL., APPELLANTS.

FILED OCTOBER 25, 1935. NO. 29346.

*Beeler, Crosby & Baskins,* for appellants.

*William E. Shuman, Halligan, Beatty & Halligan* and *Bert L. Overcash, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

EBERLY, J.

This is an action at law upon a written contract of guaranty alleged to have been executed by defendants Dempcy and Fickenscher. To plaintiff's petition defendants filed a general denial. The trial jury returned a verdict for plaintiff in the amount prayed, and from the order of the trial court overruling their motion for a new trial, defendants appeal.

Appellants present for our consideration the claimed insufficiency of the evidence to support the verdict, and the fact that the court's instructions failed to state the issues raised because the contract in suit was not identified with sufficient clearness.

A careful reading of the evidence set forth in the bill of exceptions discloses proof ample to sustain the jury's finding. To set it forth at length would serve no good purpose, and on this point we content ourselves with the conclusion just stated.

We are unable to sustain appellants' contention that the court's instructions failed to state the issues raised. Instructions given by a court are to be read together and construed as an entirety.

Instruction No. 2 given by the court sets forth, in part: "That prior to May 6, 1930, said plaintiff had negotiated with one Arthur Bellamy, looking to the plaintiff's selling to said Bellamy certain goods, and before making any sales to said Bellamy, said petition alleges that the plaintiff entered into a written contract with the defendants, Isaac N. Dempcy and Paul J. Fickenscher on May 6, 1930, where-

in said defendants guaranteed the payments of any goods that may be sold by the plaintiff to said Arthur Bellamy." This instruction also sets out the amount and value of the goods delivered thereunder, and the amount unpaid and alleged to be due from the defendants to the plaintiff.

Instruction No. 3 properly sets forth the defendants' answer as a general denial with a prayer for dismissal of the action.

By instruction No. 4 the jury were instructed that before the plaintiff could recover against the defendants Dempcy and Fickenscher, or either of them, it must establish by a preponderance of the evidence the following:

"That on the 6th day of May, 1930, the defendants, Isaac N. Dempcy and Paul J. Fickenscher, or either of them, entered into a contract which is represented by exhibit 107, with the plaintiff, which contract guaranteed all payments of merchandise sold by plaintiff and delivered to one Arthur Bellamy."

The bill of exceptions discloses that exhibit 107 is the written contract pleaded in plaintiff's petition. It had been introduced in evidence. Its terms were before the jury, and the apparent parties thereto were positively known by them. The language employed in the instruction positively identified it by the exhibit number indorsed thereon when received in evidence. By the last paragraph of instruction No. 4 the jury were required to find "from the evidence" under these instructions, by a preponderance of the evidence, that the defendants had entered into the contract represented by exhibit 107, as a prerequisite to returning a verdict for plaintiff.

As to the two instructions requested by defendants, which were refused, the controlling rule, in view of the entire record, is:

"It is elementary that error cannot be predicated on the refusal of the court to give a tendered instruction, where the court of its own motion properly instructed the jury on the points covered by the instruction offered and refused." *Jorgensen v. Robinson Seed Co.*, 112 Neb. 573.

No substantial error appearing in the record, the judgment of the district court is

AFFIRMED.